(6 Misc. Rep. 71.)

## In re MANDELICK'S WILL.

(Surrogate's Court, New York County.   December 4, 1893.)

WILLS—EXECUTION.

A paper on the first page was in the complete form of a will, with an attestation clause, and on the second page there were further disposing clauses, signed by testator, but not attested.   Testator made no declaration in respect to the writing on the second page, and the disposing provisions on the two pages had no relation to each other.   There was no evidence that testator's signature was on the second page at the time of execution.   *Held*, that the matter on the first page constituted the will.

Proceedings for the probate of the will of William A. Mandelick, deceased.

Clark Brooks, for proponent.

FITZGERALD, S.   The paper propounded as the will is written on a printed form, and on its first page is a completed instrument, with a full attestation clause.   The testimony shows that all the requirements of the statute were complied with in its execution. On the second page of the paper is a further provision for the decedent's mother, small bequests to two sisters and to two friends, and a direction for the expenditure of some money for a stone to mark his grave.   This last is marked out by cross lines.   At the foot of the second page is the decedent's signature, but without attestation.   One witness recollects seeing some writing on the second page, and the other that the greater portion of the page was covered with writing, but neither recollects seeing his signature on that page.   It is, however, proved that there was no declaration by the decedent in respect to the writing on the second page, and the disposing provisions on the two pages are distinct, and have no relation to one another.   It is probable that the writing, as it appears on the second page, was there at the time of the execution of the will.   As there is no evidence to show that the signature was on the second page at the time of execution, I cannot presume that it was intended to be a part of the will; and much less, in view of the fact that it is not subscribed by witnesses.   So far as appears, the completed instrument, which ends on the first page above the attestation clause, was intended to be the will, and a decree may be presented admitting that part to probate.   *Probate decreed.